UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MARY CHRISTINE RATLIFF**  CIVIL ACTION

**VERSUS**  NO: 11-0255-SRD-SS

**WAL-MART STORES, INC., et al**

**ORDER**

*EX PARTE* MOTION FOR LEAVE TO SEAL (Rec. doc. 41)

**DENIED**

The plaintiff, Mary Christine Ratliff ("Ratliff"), seeks leave to seal 88 pages including a motion to compel, memorandum in support, answers to interrogatories, initial disclosures, request for production and responses to request for production. Ratliff states that within the 88 pages is information subject to a protective order (Rec. doc. 25). The protective order states that, "[a]ll parties will use their best efforts to limit the number of documents designated Confidential." Rec. doc. 25 at 1.

The decision to seal a record "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" U.S. v. Holy Land Found. for Relief and Dev., 624 F.3d 685, 690 (5th Cir. 2010)(citing U.S. v. Ladd, 218 F.3d 701, 704 (7th Cir. 2000). "[T]he power to seal court records must be used sparingly in light of the public's right to access." Id. Courts recognize a common law right to access judicial records and proceedings, but "the right is not absolute." Bahwell v. Stanley-Bostitch, Inc., No. CIV.A. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002). Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. Id. (citing S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 849 (5th Cir. 1993)). It follows then

that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." Id. (quoting Van Waeyenberghe, 990 F.2d at 848). Although countervailing interests can outweigh the right of public access, the party who seeks to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993). The decision as to access is left to the discretion of the trial court, Nixon v. Warner Comms., Inc., 435 U.S. 589, 599 (1978), but any doubt must be construed in favor of disclosure. Marcus v. St. Tammany Parish Sch. Bd., 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (citing Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994)).

Ratliff's motion to seal is overbroad. She is instructed to designate specific pages to be sealed and to provide the Court with the reasons for sealing them. Further, the Court will not seal the motion itself, and Ratliff should submit a complete copy to the Court and a redacted copy for the record.

IT IS ORDERED that Ratliff's motion for leave to seal deficient record document number 32 (Rec. doc. 41) is DENIED.

New Orleans, Louisiana, this 4th day of June, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**